**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 22 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASTREL DESTINAT; et al., | No. 20-72322 |
| Petitioners, | Agency Nos. A213-080-705 |
| v. | A213-080-706 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Astrel Destinat and his minor son, natives and citizens of Haiti, petition pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing their

appeal from an immigration judge's ("IJ's") decision deeming their applications

for asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT") abandoned, and denying their motion to remand removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion a decision to deem an application waived, and the denial of a motion to remand. *Taggar v. Ashcroft*, 736 F.3d 886, 889 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in finding petitioners abandoned their applications for asylum, withholding of removal, and CAT protection by failing to file them before the deadline imposed by the IJ. *See* 8 C.F.R. § 1003.31(h) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file the application shall be deemed waived."); *Taggar*, 736 F.3d at 890 (no abuse of discretion in finding application abandoned for failure to file within the IJ-ordered deadline).

The BIA did not abuse its discretion in denying petitioners' motion to remand, where they failed to demonstrate prima facie eligibility for relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief.") (citation omitted); *Rodriguez v. INS*, 841 F.2d 865, 867 (9th Cir. 1987) ("The formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same.").

Petitioners' claim that the BIA violated due process because they still had

additional time to submit evidence of prima facie eligibility fails for lack of prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("[P]rejudice… means that the outcome of the proceeding may have been affected by the alleged violation.").

We lack jurisdiction to consider petitioners' due process contention that Destinat was unable to understand the interpreter because they did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Petitioners forfeited any challenge to the denial of voluntary departure. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013); *see also Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021) (statutorily deficient notice to appear does not trigger the voluntary departure stop-time provision); *Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019) (new claim based on change of law may be raised in a motion to reconsider at the agency).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**